CARL R. GRAY, JR., as Administrator of Veterans' Affairs, Landlord, *v.* JOHN MACONGA, Tenant.

Municipal Court of the City of New York, Borough of Queens, April 20, 1951.

*Emmet F. Good* and *Arthur Harrison* for landlord.

*Anthony F. Correri* for tenant.

CRAWFORD, J. The tenant moves primarily to vacate and set aside the final order granted in favor of the landlord after trial on March 21, 1951, awarding possession of the premises to the petitioner, on the ground that the landlord herein has failed to prove an exemption on behalf of the said landlord from the Rent and Eviction Regulations of New York of the New York State Temporary Housing Rent Commission, pursuant to subdivision 1 of section 9, or, in the alternative for a further stay of the issuance of the warrant beyond May 1, 1951, in accordance with the provisions of section 1436-a of the Civil Practice Act.

Title to the property in question was acquired by the Veterans' Administration after reimbursement of a lending institution of the amount of mortgage which was guaranteed by the agency on which the borrower defaulted and the petitioner herein

acquired the interest on the basis of such default. The tenant urges that the landlord herein is not entitled to avail itself of the exemption set forth in said subdivision 1 of section 9, but claims that there is a difference between property owned by the United States as a sovereign, and property held by the United States in connection with a business or enterprise conducted by the Government and consequently it would be necessary for the landlord to apply to the State Temporary Housing Rent Com mission for a certificate before commencing the proceeding herein.

The Rent and Eviction Regulations promulgated pursuant to the New York State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) specifically exempts properties owned by the Federal Government from rent control. " Housing accommodations owned by the United States, the State of New York, or any political subdivision thereof; or by any municipality or public housing authority; " (§ 9, subd. 1).

The Veterans' Administration is an agency of the United States. (*Sanchez* v. *United States,* 134 F. 2d 279, certiorari denied, 319 U. S. 768.) The Administrator of Veterans' Affairs is the official head of the Veterans' Administration. " There shall be at the head of the Veterans' Administration an administrator to be known as the Administrator of Veterans' Affairs," (U. S. Code, tit. 38, § 11a). The Servicemen's Readjustment Act of 1944, as amended (U. S. Code, tit. 38, § 694j) specifies the powers and duties of the administrator, among which are: " (5) Purchase at any sale, public or private, upon such terms and for such prices as he determines to be reasonable, and to take title to property, real, personal or mixed; and similarly sell, at public or private sale, exchange, assign, convey, or otherwise dispose of any such property; ".

I am of the opinion that the Administrator of Veterans' Affairs is vested with title to real property owned by the United States in the same manner as the Federal Housing Administrator holds property. It is to be noted that the funds which were used to reimburse the lending institution were drawn from the Treasury of the United States. It has been held in the Circuit Court of Appeals for the Second Circuit that " The Federal Housing Administrator in possession of land, mortgage on which was sought to be foreclosed by alleged mortgagee, was not immune from suit on theory that, since he was record owner of the land and was but an instrumentality of the United States, the United States was really the owner of the land and as such could not be sued, since the United States acquired the land

as part of its business in administering [this chapter] and hence suit was within intent of Congress when it gave its consent to Administrator to ' sue and be sued '.'' (*Riordan* v. *Ferguson*, 147 F. 2d 983, Headnote No. 1.)

Accordingly, subdivision 1 of section 9 of the Rent Regulations is applicable herein and the primary portion of the motion is denied.

The landlord opposes the alternative relief sought by the tenant upon the ground that the provisions of section 1436-a of the Civil Practice Act are not available to the tenant herein since the United States is the owner of the property. This contention is without merit. I find no limitation or restriction or exemption in favor of the United States when it is the owner of property within the State of New York.

I am not unmindful of the housing situation and the difficulty of finding other accommodations. However, in view of the administrative policy of the Veterans' Administration and its obligation to liquidate properties acquired by it as expeditiously as possible, a further stay of the issuance of the warrant is granted to June 30, 1951, under the same terms and conditions as the order dated March 21, 1951, with the further provision that no application for an additional stay will be considered.